# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Walter O. Singh,** | Civil No. 08-1255 (DWF/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Indrani Hannuman, Latchman Hannuman, Travis Hannuman, and Andrew Hannuman,** | |
| **Defendants.** | |

SUSAN RICHARD NELSON, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge pursuant to an order instructing Plaintiff Walter O. Singh to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Doc. No. 29). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that this case be dismissed for lack of subject matter jurisdiction and that all pending motions be terminated accordingly.

## I.   BACKGROUND

Plaintiff Walter O. Singh filed this action on May 5, 2008, against Defendants Indrani Hannuman, Latchman Hannuman, Travis Hannuman, and Andrew Hannuman. Plaintiff and Defendants are related, and they are also neighbors. Plaintiff alleges in his Complaint that Defendants repeatedly assaulted and battered him in a conspiracy to deprive him of his civil rights under 42 U.S.C. § 1985(2) and (3). For example, he asserts that Defendants Travis Hannuman and Andrew Hannuman battered and assaulted him as he was exiting his car on April 3, 2005. He also asserts that on September 4, 2005, Defendants blocked him from walking on a

public street, and Defendant Indrani Hannuman kicked him in the knee. He further alleges that on June 27, 2006, Defendants conspired with the Pine County Sheriff's Department and a deputy sheriff to falsely arrest and imprison him. (Compl. ¶¶ 18, 20, 22; Doc. No. 1.) The Complaint details approximately ten such incidents. (Id. ¶¶ 18-26.)

Plaintiff also avers that the State of Minnesota, Hennepin County, Pine County, Minneapolis Police Chief Tim Dolan, the Minneapolis Police Department, the Pine County Sheriff and Sheriff's Department, the Kanabec County Sheriff and Sheriff's Department, Pine County Judge Krista K. Martin, Hennepin County Judge Charles A. Porter, and the Abbott Hospital Human Resource Department assisted Defendants in depriving Plaintiff of his civil rights in violation of 42 U.S.C. § 1983, although he does not name any of these individuals or entities as defendants in his Complaint. Plaintiff claims jurisdiction pursuant to 42 U.S.C. §§ 1985, 1986, and 1988, and 28 U.S.C. §§ 1331 and 1343.

On September 4, 2008, Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The day after the motion was filed, this Court noticed a pretrial scheduling conference for October 23, 2008. At that conference, Defendants argued that there is no subject matter jurisdiction over Plaintiff's claims. When questioned, Plaintiff conceded that his claims were merely for assault and battery. At that point, the Court informed the parties that no scheduling order would issue because of the Court's concern regarding the existence of jurisdiction, and the Court ordered Plaintiff to show cause why his case should not be dismissed for lack of jurisdiction.

Plaintiff mailed an "Opposition on Defendants' Motion to Dismiss" directly to the Court's chambers, which was received on November 10, 2008. Plaintiff reiterates in the

memorandum that he is essentially suing Defendants to recover for injuries sustained from multiple batteries and assaults. Plaintiff also asserts that subject matter jurisdiction exists because of diversity of citizenship.

In Defendants' response to the order to show cause, they note the dismissal of a similar case filed by Shiv Singh, who is Plaintiff's brother, against Indrani Hannuman, Latchman Hannuman, and Balgobin Singh. Singh v. Hannuman, Civ. No. 08-423 (PJS/JJK) (D. Minn. filed Feb. 19, 2008). In that case, Shiv Singh alleged similar violations of 42 U.S.C. §§ 1985 and 1988. The Honorable Jeffrey J. Keyes recommended dismissal of the case for lack of subject matter jurisdiction because Shiv Singh failed to show that any of the defendants acted under color of law. Singh v. Hannuman, Civ. No. 08-423 (PJS/JJK), Report & Recommendation at 4-5 (D. Minn. Aug. 20, 2008). Based on Shiv Singh's history of filing repetitive lawsuits against the defendants, Judge Keyes also recommended to the District Court that it require Shiv Singh to seek permission before filing any additional lawsuits against the defendants in the District of Minnesota. Id. at 6-7. The Honorable Patrick J. Schiltz adopted both recommendations on September 12, 2008. Singh v. Hannuman, Civ. No. 08-423 (PJS/JJK), Order at 1 (D. Minn. Sept. 12, 2008). Defendants ask the Court to make similar recommendations in this case.

## II. DISCUSSION

If a court discovers at any time during the pendency of a case that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d

3

513, 518 (8th Cir. 1971) (citing <u>Louisville & Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)).

Contrary to Plaintiff's assertion in his memorandum, subject matter jurisdiction cannot be founded on diversity of citizenship. Not only does the Complaint fail to reference the diversity statute, 28 U.S.C. § 1332, but it also explicitly alleges that all of the parties are citizens of Minnesota. Because complete diversity of citizenship is lacking, there can be no diversity jurisdiction. <u>See</u> <u>Capitol Indem. Corp. v. Russellville Steel Co.</u>, 367 F.3d 831, 835 (8th Cir. 2004). Consequently, the only possible basis for subject matter jurisdiction is federal question jurisdiction.

The Complaint alleges jurisdiction under 28 U.S.C. § 1331, which is the federal question jurisdictional statute, and Plaintiff has brought his claims pursuant to the laws of the United States. However, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." <u>Biscanin v. Merrill Lynch & Co., Inc.</u>, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." <u>Id.</u> (citations omitted). The Court will therefore inquire whether Plaintiff's claims are patently meritless.

      **A.**      **Plaintiff's Claims for Conspiracy to Interfere with Civil Rights**

Plaintiff has alleged that Defendants violated 42 U.S.C. § 1985(2) and (3), which prohibit conspiracies to interfere with civil rights. Subsection (2) proscribes conspiracies to obstruct justice and conspiracies to intimidate witnesses, parties, or jurors:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on

4

> account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . .

then the injured party may bring a civil action. 42 U.S.C. § 1985(2). Subsection (3), in relevant part, forbids conspiracies to deprive individuals of equal protection or privileges under the law:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . .

then the injured party may bring a civil action. Id. § 1985(3).

Absent some proof of a conspiracy, blanket allegations are not sufficient to maintain a claim under § 1985. See Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988) (quoting Holdeman v. Consol. Rail Corp., 649 F. Supp. 1188, 1196 (N.D. Ind. 1986)). The elements of a § 1985 conspiracy are "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Id. (quoting Mizokami Bros., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 718 n.8 (8th Cir. 1981)). "A plaintiff must allege with 'sufficient particularity' and demonstrate with 'specific material facts' that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." Id. (quoting Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982)). Here, Plaintiff's § 1985 claims are patently meritless because Plaintiff has not alleged with sufficient

particularity facts demonstrating that any of the Defendants conspired with each other or with any other individual or entity to deprive him of a federal right.

Plaintiff's § 1985 claims fail for other reasons as well. If Plaintiff intended to proceed under the first part of § 1985(2), he would have to allege that he was a witness or a party to a federal proceeding, and that Defendants conspired to deter him from attending court or from testifying in a pending matter, or that they conspired to injure him for attending or testifying, or that they conspired to influence the proceeding. See Biby v. Bd. of Regents, 338 F. Supp. 2d 1063, 1075 (D. Neb. 2004). Plaintiff's blanket allegations regarding his involvement in a federal proceeding are simply not sufficient to establish a violation of § 1985(2). If Plaintiff intended to proceed under the second part of § 1985(2), which pertains to state court actions, he must allege a class-based animus, see id. at 1076 (citing Kush v. Rutledge, 460 U.S. 719, 725 (1983)), which he has not done.

Regarding subsection (3) of § 1985, Plaintiff has not alleged that Defendants intended to deprive him or a class of people of equal protection. See id. at 1074 (citing Wirth v. College of the Ozarks, 26 F. Supp. 2d 1185, 1188 (W.D. Mo. 1998)). Furthermore, he has not averred a racial or class-based discriminatory animus, see id. (quoting Wirth, 26 F. Supp. 2d at 1188), or infringement of an independent federal right, see id. (citing Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004) ("Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the rights or laws violated must be found elsewhere.")).

The Court concludes that Plaintiff's § 1985 claims are no more than state law claims for assault and battery. Federal court is not the proper forum for such claims, and they should be

dismissed for lack of subject matter jurisdiction.

### B. Other Possible Claims

The Complaint does not explicitly assert claims under 42 U.S.C. §§ 1983, 1986, or 1988, although Plaintiff does mention these federal statutes in his Complaint. Even giving the Complaint a liberal construction, however, these federal laws do not provide a basis for subject matter jurisdiction.

In order to succeed on a § 1983 claim, Plaintiff must establish that Defendants "deprived him of a constitutional right under color of state law." Murray v. Wal-Mart, Inc., 874 F.2d 555, 558 (8th Cir. 1989). Defendants are private citizens, however, and Plaintiff has not alleged any facts showing that they acted under color of state law. Plaintiff has also failed to sufficiently allege a violation of a constitutional right.

As for any possible § 1986 claim, "recovery under Section 1986 is dependent on the existence of a claim under Section 1985." Weseman v. Meeker County, 659 F. Supp. 1571, 1575 (D. Minn. 1987) (citing Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986); McIntosh v. Ark. Rep. Party-Frank White Elec. Comm., 766 F.2d 337, 340 (8th Cir. 1985)). Because Plaintiff has no claim under § 1985, he has no claim under § 1986. Id.

Section 1988 governs proceedings brought to vindicate civil rights violations and provides for attorney's fees and expert's fees to be awarded to a prevailing party, at a court's discretion. 42 U.S.C. § 1988. This statute does not create an independent cause of action; rather, "as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." Moor v. Alameda County, 411 U.S. 693, 702 (1973). Thus, § 1988 does not accord subject matter

jurisdiction.

    **C.**    **Plaintiff's Frequent Filings**

Defendants ask the Court to prohibit Plaintiff from filing any further suits against them in the District of Minnesota without first obtaining permission to do so, based on Plaintiff's practice of filing multiple cases against them, all of which have lacked subject matter jurisdiction.

In 2004, Plaintiff, Shiv Singh, and other family members brought a civil rights action against Indrani Hannuman, Latchman Hannuman, and Balgobin Singh, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. Singh v. Hanuman [sic], Civ. No. 04-4512 (JRT/FLN) (D. Minn. filed Oct. 15, 2004). The plaintiffs alleged that the defendants filed false police reports and conspired with police officers to have them falsely arrested and imprisoned. The Honorable John R. Tunheim dismissed the case for lack of subject matter jurisdiction because the plaintiffs had not shown the defendants acted under color of state law. Singh v. Hanuman [sic], Civ. No. 04-4512 (JRT/FLN), Order at 2 (D. Minn. Nov. 23, 2004).

In 2005, Plaintiff and his brother Shiv Singh filed an action pursuant to 42 U.S.C. §§ 1981, 1985, 1986, and 1988 against Latchman Hannuman, Indrani Hannuman, Andrew Hannuman, and Balgobin Singh. Singh v. Hannuman, Civ. No. 05-1160 (JRT/FLN) (D. Minn. filed June 14, 2005). When ordered to show cause why the case should not be dismissed, Plaintiff and his brother narrowed their claims to a violation of § 1985(2). Judge Tunheim dismissed the claim because the "plaintiffs' allegations simply describe a series of disputes amongst close family members and neighbors dating back to 1990 and which continue to the present day. These internal family disputes do not form the basis for a conspiracy claim under

42 U.S.C. § 1985 (2), nor do they give rise to violations of the United States Constitution or any other federal law." Singh v. Hannuman, Civ. No. 05-1160 (JRT/FLN), Order at 4 (D. Minn. Mar. 17, 2006).

In 2007, Plaintiff filed an action against Indrani Hannuman and Susila Persaud, asserting claims pursuant to 42 U.S.C. § 1983 and other civil rights statutes. Singh v. Hannuman, Civ. No. 07-2148 (DWF/SRN) (D. Minn. filed May 2, 2007). Plaintiff currently has a motion for summary judgment pending, but it appears that this case may also be subject to dismissal for lack of jurisdiction.

Because Plaintiff has filed several cases based on the same or similar altercations with Defendants, all of which lack or appear to lack subject matter jurisdiction, the Court recommends that the District Court prohibit Plaintiff from filing any additional lawsuits against Defendants in this District without first obtaining permission.

### III. CONCLUSION

This case should be dismissed for lack of subject matter jurisdiction because neither diversity jurisdiction nor federal question jurisdiction exists. In addition, Plaintiff should be prohibited from filing any additional lawsuits against Defendants in this District without first obtaining permission.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed for lack of subject matter jurisdiction;

2. Plaintiff's Application for Entry of Default (Doc. No. 7) be administratively

        terminated;

    3.      Plaintiff's Motion for Default Judgment (Doc. No. 8) be administratively terminated;

    4.      Defendant Indrani Hannuman's Motion to Dismiss (Doc. No. 12) be administratively terminated; and

    5.      Plaintiff be prohibited from filing any additional lawsuits against Defendants in this District without first obtaining permission from the Court.


Dated: December 9, 2008

                                        s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 24, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.